IN THE UNITED STATES DISTRICT COURT
320 POTTER COUNTY TEXAS
CAUSE NO. # 69,277-D
CAUSE NO. # 69,278-D

INCIDENT NO./TRN: 9157922 41 COUNT 1 A001
INCIDENT NO./TRN: 9157922 41 COUNT 2 A002

STATE OF TEXAS

V

OUTHAY SYSAKAYAVONG,
DEFENDANT.



2-21CV-106-Z

STATE ID NO: TX04803639

MOTION TO VACATE, SET ASIDE OR REDUCE SENTENCE

To: THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW OUTHAY SYSAKAYAVONG, DEFENDANT, IN SAID CAUSE NO. #69,277-D AN FILE THIS MOTION TO VACATE, SET ASIDE, OR REDUCE SENTENCE, IMPOSED UPON DEFENDANT, DEFENDANT IN SAID CAUSE NO. #69,278-D FILE THIS MOTION TO VACATE, SET ASIDE OR REDUCE SENTENCE IMPOSED UPON DEFENDANT; TO WIT, SAID CAUSES 69,277-D AND 69,278-D WERE RAN CONCURRENTLY, UPON SENTENCING.

DEFENDANT BRINGS FORTH GROUNDS FOR GRANTING MOTION IN BOTH CASES PRESENTED BEFORE THIS HONORABLE COURT:

(1) COUNSEL WAS INEFFECTIVE TO DEFENDANT BY NOT EXPLAINING THAT DEFENDANT WOULD BE ENHANCED ON DEADLY WEAPON CHARGE: COUNSEL WAS FURTHER INEFFECTIVE TO DEFENDANT BY NOT INFORMING DEFENDANT THAT D.A. COULD NOT REINDICT DEFENDANT FOR THE WEAPON CHARGE, SOLELY, FOR DEFENDANT HAD BEEN ALREADY INDICTED FOR THE WEAPON IN THE DRUG CHARGE: COUNSEL WAS FURTHER INEFFECTIVE TO DEFENDANT BY NOT PUTTING UP DEFENSE ON ENHANCEMENT AND DRUG CHARGE OR CHALLENGE SECOND INDICTMENT WHEN DEADLY WEAPON CHARGE IN FIRST INDICTM-

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN -7 2021
CLERK, U.S. DISTRICT COURT
By_____ Deputy

-ENT MOTION TO QUASH INDICTMENT NOT FILED OR INDI-
-CATED TO DEFENDANT BY COUNSELOR. COUNSELOR WAS FURTHER IN-
-EFFECTIVE TO DEFENDANT BY NOT INFORMING DEFENDANT AFTER
"GUILTY PLEA" DEFENDANT HAD RIGHT TO DIRECT APPEAL EVEN
WITH GUILTY PLEA AGREEMENT; COUNSELOR WAS FURTHER IN-
EFFECTIVE TO DEFENDANT WHEN DEFENDANT ASKED COUNSEL-
-OR WASN'T IT "DOUBLE JEOPARDY" TO INDICT DEFENDANT AGAIN
ON SAME "WEAPON" AND COUNSELOR STATED "NO, THEY CAN DO
THAT." WITHOUT INTEREST IN THE "SECOND INDICTMENT AT TRIAL.

(2) "DOUBLE JEOPARDY" VIOLATION ON "MULTIPLICOUS IND-
-ICTMENTS" FOR "FIREARM" IS "DOUBLE JEOPARDY." DEFENDANT
WAS ALREADY CHARGED FOR "FIREARM" IN "FIRST INDICTMENT"
AND TO "REINDICT" DEFENDANT AGAIN FOR THE SAME "FIRE-
-ARM" IS "DOUBLE JEOPARDY" AND VIOLATES THE "FIFTH AMEND-
-MENT DOUBLE JEOPARDY CLAUSE.

(3) NIETHER "INDICTMENT" CARRIED ON "ENHANCEMENT
CLAUSE" THAT DEFENDANT COULD "CHALLENGE ENHANCEMENT" ON.
DEFENDANT HAS A RIGHT TO 'CHALLENGE ENHANCEMENT FOR
DOUBLE JEOPARDY PURPOSES AND NIETHER INDICTMENT HAD "EN-
-HANCEMENT PARAGRAPHS" THAT DEFENDANT COULD "CHALLENGE".

(4) DUE TO THE ABOVE, DEFENDANT'S SENTENCE WAS "EXCESS-
-IVE" BEYOND SENTENCING GUIDELINES AND DEFENDANT WAS
PREJUDICED BY THE SENTENCING FOR "DOUBLE JEOPARDY" WAS
AT "PLAY" AND THE "SECOND INDICTMENT" SHOULD HAVE BEEN "QUASH-
-ED" AND THE "RANGE OF SENTENCE REDUCED.

## MOTIONS FACTS OF LAW

THE "TWO-PRONG TEST OF STRICKLAND V. WASHINGTON
466 US 552 (1985)," MUST APPLY TO DEFENDANT'S COUNSELOR
FOR SHE WAS NOT INFORMING DEFENDANT AS TO WHAT WAS "TRANS-
-SPIRING" DURING DEFENDANT'S TRIAL." LAFLER V. COOPER
556 US 156, 182 L ED 2d 398, 132 S.CT. 1376 (2012)," DEF-
-ENDANTS HAVE A SIXTH AMENDMENT RIGHT TO COUNSEL, A RIGHT
THAT EXTENDS TO PLEA BARGAINING PROCESS..., DURING PLEA
NEGOTIATIONS DEFENDANTS ARE ENTITLED TO EFFECTIVE ASSI-
-STANCE OF COMPETENT COUNSEL."

(2)

Defendant's counselor was noncompetent, for she didn't explain to Defendant the "Enhancement" on the Deadly weapon and further noncompetence on the "issuance of a second indictment on "weapon" that was already charged and counselor's statement, "They can do that," prejudiced Defendant, for counselor put up "No Defense" to either and Defendant was tried on "Both indictments" when "one count" and charge was all there was and this caused Defendant to be punished for the "same weapon" twice, two counts, "U.S. V. Espinosa 539 F.3d 926 (8th Cir. 2008), "Guideline § 3D1.2 Instructs that (a)ll counts involving substantially the same harm shall be grouped together and outlined four situations in which counts involved substantially the same harm "counts are to be grouped together in a single group if any one or more of the subsections provide for such grouping." U.S.S.G. § 3D1.2 Comment (n. 1.)."

Defendant's counselor knew this, and she failed to advise Defendant or defend Defendant against it. Counselor also knew that the "Second Indictment" of the "Deadly weapon" was "Double Jeopardy" and should have been "quashed" for "Two Counts" of the "Same offense" should have been put into "one(1) indictment." U.S. V. Wallace 447 F.3d 184 (2nd Cir. 2006) "Where one §924(c)(2) conviction relates to a lesser-included offense and the greater offense also carries with it a §924(c)-(1) conviction, the two 924(c)(1) convictions can be combined for sentencing purposes." (This case was remanded to vacate one of the sentences).

Defendant's second indictment conviction should be vacated and first conviction punishment reduced due to "Double Jeopardy" violation, "Ashe V Swenson 397 U.S. 436, 25 L.Ed 2d 469, 90 S.Ct. 1189 (1970)," "The double jeopardy clause is a guarantee "that state with all its resources and power (shall) not be allowed to make repeat attempts to convict an individual for an alleged offense..."

(3)

THE PROSECUTION WAS TO "JOIN" BOTH "COUNTS" INTO "ONE(1) INDICTMENT," ASHE 397 US AT 453, "AND," THE DOUBLE JEOPARDY CLAUSE REQUIRES, THE PROSECUTION, EXCEPT IN MOST LIMITED CIRCUMSTANCES TO JOIN AT ONE TRIAL ALL THE CHARGES AGAINST A DEFENDANT THAT GROW OUT OF A SINGLE CRIMINAL ACT, OCCURRENCE, EPISODE, OR TRANSACTION." DEFENDANT'S "SECOND COUNT OF "DEADLY WEAPON" SHOULD BE "VACATED" FOR IT WAS USED IN "FIRST COUNT," IN VIOLATION OF THE "FIFTH AMENDMENT" DOUBLE JEOPARDY CLAUSE."

THEREFORE PREMISES CONSIDERED DEFENDANT MOTIONS THIS HONORABLE COURT JUDGE BY LAW TO "VACATE" SECOND "INDICTMENT" FOR "DOUBLE JEOPARDY" VIOLATION, AND "REDUCE TIME SENTENCED" ON "FIRST INDICTMENT CHARGE," FOR "NO ENHANCEMENT PARAGRAPH" STATED IN "INDICTMENT," FOR CHARGE TO BE "ENHANCED" AND DEFENDANT HAD "NO DEFENSE" TO "CHALLENGE ENHANCEMENT" FOR "NO ENHANCEMENT" PARAGRAPH "STATED."

WHEREFORE PREMISES CONSIDERED DEFENDANT, OUTHAY SYSAKAYAVONG PRAYS THAT THIS HONORABLE DISTRICT COURT JUDGE GRANT DEFENDANT'S MOTION TO VACATE, SET ASIDE OR REDUCE SENTENCE TO THE EXTENT STATED BELOW."

GRANTED: _____   DENIED: _____

IT HAS BEEN SO ORDERED, ADJUDGED AND DECREED ON THIS ____ DAY OF _____ 2022 A.D.

RESPECTFULLY SUBMITTED ON THIS 2 DAY OF June 2022 A.D.

"UNDER THE PENALTY OF PERJURY THE AFOREGOING MOTION IS TRUE AND CORRECT"

/s/ Outhay Sysakayavong
OUTHAY SYSAKAYAVONG
TDCJ-CID ID# 2011413
DALHART UNIT
11950 FM. 998
DALHART TEXAS 79022

(4)

# CERTIFICATE OF SERVICE

I, OUTHAY SYSAKAYAVONG, DO HEREBY CERTIFY THAT 1 ORIGINAL AND 1 COPY OF MOTION TO VACATE, SET ASIDE OR REDUCE SENTENCE WAS PLACED IN THE DALHART MAIL SYSTEM AND FORWARDED TO THE CLERK UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION, 205 E. 5TH AVE Rm 133 BOX F-12340, AMARILLO, TEXAS 79101 ON THIS 2 DAY OF June 2022 A.D.

RESPECTFULLY

/s/ Outhay Sysakayavong

OUTHAY SYSAKAYAVONG
TDCJ-CID No.# 2011413
DALHART UNIT
11950 F.M. 998
DALHART, TEXAS 79022

(5)

IN THE 320TH DISTRICT COURT
POTTER COUNTY TEXAS
OFFICE OF THE CLERK

CLERK
CAROLINE WOODBURN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION 205 E. 5TH
AVE, Rm 133 BOX 2234D,
AMARILLO TEXAS 79101



RECEIVED
JUN - 7 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RE: MOTION

DEAR CLERK,
  PLEASE FIND ENCLOSED MOTION TO VACATE, SET ASIDE OR REDUCE SENTENCE.
  I WISH TO THANK YOU FOR YOUR TIME.

RESPECTFULLY,
/s/ Outhay Sysakdyavong
OUTHAY SYSAKDYAVONG
TDCJ-CID No.# 2011413
DOLHART UNIT
11950 F.M. 998
DOLHART, TEXAS 79022



Outhay Sysakayavong   #2011413
11950 FM 998
Dalhart, TX 79022

Northern District of Texas
Amarillo Division  205 E. 5th ave
Rm 133  Box 1234D
Amarillo, TX 79101

RECEIVED
JUN -7 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS